JOHN B. WEBER, Respondent, v. JOSEPH BARRETT, Appellant.

JOSEPH BARRETT, Appellant, v. JOHN B. WEBER, Respondent.

*N. Y. Supreme Court, Fifth Department, General Term, April* 12, 1889.

*Mortgage.*—A person has the undoubted right, in the absence of an agreement to confound a felony, to take a voluntary security for the payment of an indebtedness which arose by reason of the feloneous taking of property.

The first action was brought to foreclose a mortgage executed by the defendants for the sum of three thousand dollars. The other action was brought to set aside the said mortgage and its accompanying bond, upon the ground that they were procured by fraud and duress. The two actions were tried together, and a judgment of foreclosure rendered, from which Barrett and wife appeal.

*William C. Fitch* and *George C. Green*, for appellants.

*George Wadsworth* for respondent.

MACOMBER, J.—The appellants being husband and wife, did, on the 12th day of April, 1883, execute and deliver to the respondent and his partner, Avery L. Smith, a bond in the penal sum of $6,000, conditioned for the payment of $3,000, with interest thereon; and to secure the payment thereof the appellants executed to the same persons a

mortgage upon the real estate described in the complaint. The bond and mortgage alike contained other conditions, such as keeping the building insured, etc. These securities were made by the appellants to pay the respondent and his partner a debt claimed by the one side and acknowledged by the other to exist.

The evidence shows that on the day of the execution of these instruments the appellants were indebted to the respondent and his late partner in the sum of $2,450 for goods, wares and merchandise taken from the respondent's store without the knowledge of the owners and converted by the appellants to their own use,

The business of the appellants, which was that of a retail grocery, was conducted in the name of the appellant, Hester Barrett, at several different places in the city of Buffalo, when she had business dealings mainly through the husband with the respondent and her partner. One John W. Rumohr was a clerk for Smith & Weber, and was also a nephew of the appellant, Hester Barrett, in whose family he lived. The appellant, Joseph Barrett, was the active person in conducting his wife's business.

The material part of the great mass of testimony in the case shows that the clerk of the respondents and his uncle, the appellant Joseph Barrett, by concerted action began to take from the store of Smith & Weber goods to supply the business of the appellants. It is established that the number of instances in which the respondent's property was so taken was about forty, covering a considerable period of time. It is not necessary for us to enter into the details or *modus operandi* of the systematic purloining of the merchandise. It is sufficient to say that it was so conducted as not to attract either the attention of the owners of the property or of other persons in the neighborhood, though there was no breaking in of the store for the purpose of securing the goods, the clerk already mentioned

giving complete access and aid to his uncle in entering the building and in removing the goods.

The claim made by the appellants in the foreclosure action is, that the securities were given to compound a felony, though it does not appear that a like claim or ground of action is stated in the complaint for the cancellation of the securities.

The learned judge at the trial, acting upon what appears to us to be a clear preponderance of the evidence has found that the bond and mortgage were given for a. good and valuable consideration, and that the same were not procured or obtained from the appellants by any fraud, duress, undue influence or misrepresentation, but that the same were given in good faith for an actual indebtedness existing, and which was supposed at the time of the execution thereof to be the full sum represented by the face of the securities. The trial court has found that the exact amount of the embezzlement, and consequently the true indebtedness, was the same as above stated, $2,450, for which judgment was ordered, less the amount of payments which were credited to the appellants, not by way of voluntary payments thereon by the appellants, but by way of application of surplus moneys in certain special proceedings instituted against the owners and lienors of the land for public purposes.

The respondent had the undoubted right to take from the appellants a voluntary security for the payment of said indebtedness, even though the property had been taken feloniously. They did thereby waive their right of action for the tort; and, in the absence of an agreement to compound the felony, they can enforce the lien thereof.

The judgment should be affirmed, with costs.

All concur.